Manly, J.
 

 The objection made to the recovery in this case,
 

 in the Court below, was, the want of notice to the principal before bringing the action.
 

 This objection is not tenable. The general rule seems to be, that where one person, being under an obligation to do so, pays money, which another was primarily liable to pay, an action accrues immediately for money paid. The principal debtor is bound to keep in mind his liabilities, and at the proper time, to interpose between his surety and creditor for the protection of the former, and if he fail to do so, and the surety be required to pay, it is not necessary to the completion of his legal rights of complaint that he should hunt up his principal and make a demand.
 

 "We are not aware that this point has, at any time, been -raised in our courts, but similar actions are very numerous,
 
 *20
 
 and the absence from every case of any such point is, of itself, high evidence of what the law is. In actions by a surety against his principal, notice to principal before suit, is no where recognized as an element of the plaintiff’s case. The cases are collated in the American edition of Smith’s Leading Cases, 1 vol. 228, and in
 
 Oldin
 
 v. Greenleaf, 3 New Hampshire Rep. 271.
 

 On the trial below, the Court (in the absence of direct authority) was led into error from a supposed analogy between the relations of the parties, and that which exists between co-sureties. Such are the relations between co-sureties, that if
 
 onQfpay
 
 and make himself the creditor of the others, he ought, in common justice to notify them of this change of relation before he sues for contribution ; but such is not the case as between principal and surety.-
 

 The nonsuit must be set aside, and judgment rendered upon the verdict.
 

 Per Curiam,
 

 Nonsuit set aside and judgment for plaintiff.